UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOYLE JASON BILLIOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2453** |
| **JENNIFER F. RICHARD, ET AL.** | **SECTION "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Doyle Jason Billiot, a Louisiana inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. Billiot sued Judge Jennifer F. Richard and District Attorney Kristen Russell.[1]

In his Statement of Claim, Billiot asserts, without corrections to grammar or spelling, as follows:

1. On or about April 3rd, 1993, I was arrested and later charged with second degree murder, was found guilty at trial, and sentenced to life. I recently found out that the Judge and District Attorney presumed me to be a corporation to get jurisdiction on me in an Admiralty or Maritime or Equity court and jurisdiction. I, Doyle Billiot, am not a corporation.
I filed two (2) motions in the same court challenging subject matter jurisdiction on June 21st, which they received June 25, 2025, and on July 21st, which they received August 11th, 2025, asking for a Corpus Delitici or a damaged party who has sworn out a complaint against me. They have not and cannot show a corpus delicti or damaged party in this case.
2. Judge Jennifer F. Richard is the judge now in the court assigned to my case. She has been given notice in my motions and a chance to make corrections and to make District Attorney Kristen Russell to prove she or the Corporat State of Louisiana has jurisdiction over me, but has not. She is being sued in her individual and official capacity for having abandoned her position as a judge at law and chancellor in equity for breach of employment contract and perjury, ~~and~~ under color of law. Her action outside of her lawful authority has caused unlimited damage to my person, property, reputation, and health.
3. District Attorney Kristen Russell, an agent representing the State of Louisiana, Corporation, has not and cannot show a corpus delecti or valid contract or franchise which proves as a fact of law that I, Doyle Billiot, is under contract obligation as a franchised individual and required to obey every legislative statue upon the letter of the statute, having lost my natural rights under the Louisiana Constitution and the Constitution of the United States for civil privileges under the Reconstruction Acts codified in Title 42 USC. District Attorney Kristen Russell has no subject matter jurisdiction over me, and has not

---

[1] Rec. Doc. 3.

> and cannot show a corpus delecti or a damaged party who has sworn out a complaint against me.
> She is being sued in her individual and official capacity for violating my constitutional rights and the Geneva Convention Protocols of 1949 by presuming me to be a corporation under color of law, inland piracy, peonage, personage, barratry, false imprisonment, fraud and conspiracy against rights under color of law.[2]

Billiot requests monetary damages, immediate release from prison and expungement of his record.[3]

While Billiot paid the filing fee, because he is incarcerated, screening is required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[4] 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[2] Id. at 5–9.
[3] Id. at 9.
[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Billiot filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

For the following reasons, even when Billiot's complaint is liberally construed,[5] his federal civil rights claims are frivolous, fail to state a claim on which relief can be granted, and/or seek monetary relief from a defendant who is immune from such relief.

## I.   **Heck Doctrine**

Initially, Billiot's § 1983 claims are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (footnote omitted). The Heck doctrine applies to civil actions for both monetary and injunctive or other relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

In 1994, Billiot was convicted in the Parish of Lafourche of second degree murder. See State v. Billiot, 672 So. 2d 361 (La. App. 1st Cir. 1996), writ denied, 680 So. 2d 655 (La. 1996). In this lawsuit, Billiot claims that he was wrongfully convicted due to the state court's absence of subject matter jurisdiction. Because Billiot's conviction has not been invalidated, and because a judgment in his favor on his claims in this civil action would necessarily imply the invalidity of his state conviction, his claims should be dismissed with prejudice until such time that the Heck

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (1996) (Heck dismissal is with prejudice until the conditions are met).

## II.   Grounds for Dismissal Apart from Heck

The Fifth Circuit requires a court to address dismissal of immune defendants and cull those claims that cannot proceed under § 1983 without regard to any Heck bar. See Busick v. City of Madison, Miss., 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than Heck); see also Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying Heck).

### A.   Judge Jennifer F. Richard

Billiot named 17th Judicial District Court Judge Jennifer F. Richard as a defendant. Whether named in an individual or official capacity, a judge enjoys absolute immunity from suit.

The Eleventh Amendment bars any claims against Judge Richard in her official capacity. See Will v. Mich. Dep't of St. Police, 491 U.S. 58, 71 (1989); Warnock v. Pecos Cty., Tex., 88 F.3d 341, 343 (5th Cir. 1996); see also Doris v. Van Davis, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009).

Absolute judicial immunity bars any claim against Judge Richard in her individual capacity. Judges have "complete protection" from lawsuits based on judicial functions. See Hafer v. Melo, 502 U.S. 21, 29 (1991) (quotation omitted). Absolute immunity applies regardless of whether the judge's actions were allegedly erroneous, malicious, or in excess of her authority. See Mays v. Sudderth, 97 F.3d 107, 111 (5th Cir. 1996). "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction." Id. (citing Boyd, 31 F.3d at 284). Any claims against Judge Richard involving Billiot's conviction and subsequent motions related to it involve actions taken in her judicial

5

capacity and within her jurisdiction. Thus, Billiot fails to state a plausible claim for relief against Judge Richard in her individual capacity that would overcome her absolute immunity from suit.

For these reasons, the claims against Hon. Jennifer F. Richard, whether in her official or individual capacity, should be dismissed.

**B.  District Attorney Kristen Russell**

Billiot also names District Attorney Kristen Russell as a defendant. To the extent that Billiot asserts claims against Russell in her individual capacity, she is immune from suit.

As the United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. ...
>
>  ... Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).

Absolute prosecutorial immunity is therefore sweepingly broad. "[T]he Fifth Circuit has held prosecutors absolutely immune for actions ranging from withholding exculpatory evidence, disobeying discovery orders, and fabricating evidence, to charging without probable cause pursuant to a constitutionally deficient indictment, and committing prosecutorial misconduct." Willis v. Bastrop County, No. A-18-CV-0093, 2019 WL 252051, at *5 (W.D. La. Jan. 17, 2019) (citing Green v. Texas Government, 704 F. App'x 386, 386-87 (5th Cir. 2017)), adopted, 2019 WL 2572538 (W.D. Tex. Feb. 11, 2019). Simply put: Where, as here, a plaintiff is challenging a prosecutor's actions "intimately associated with the judicial phase of the criminal process," his

6

civil claims must fail because the prosecutor's actions are ones to which "absolute immunity appl[ies] with full force." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).[6]

Further, to the extent, if any, that Billiot is attempting to hold Russell vicariously liable for the actions of her subordinate Assistant District Attorney, that simply is not permissible in a § 1983 action. See, e.g., Iqbal, 556 U.S. at 667 ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations ... if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Lastly, while Billiot attempts to assert an official-capacity claim against Russell, no such official-capacity claim has been properly pled. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

---

[6] The United States Supreme Court has opined:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice.

Imbler, 424 U.S. at 427–28 (1976) (footnote omitted).

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003).

In the instant case, Billiot does not allege that the purported violations here stemmed from an official policy or custom, much less identify such a policy or custom. Therefore, no official-capacity claim has been properly stated against this defendant. See, e.g., Dantin v. Larose, No. 18-11233, 2018 WL 7499824, at *2 (E.D. La. Dec. 28, 2018), adopted, 2019 WL 969990 (E.D. La. Feb. 28, 2019).

Accordingly, Billiot's civil rights claims against Russell in her individual and official capacities should be dismissed.

## III.   Habeas Corpus Relief

One form of relief requested by Billiot was immediate release from custody. That request is improper because that form of relief cannot be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Boyd, 31 F.3d at 283 n.4. A § 1983 civil rights proceeding simply is not the appropriate means of pursuing release from incarceration. Muhammad v. Close, 540 U.S. 749, 750 (2004); Preiser, 411 U.S. at 500; Hernandez v. Livingston, 495 F. App'x 414, 417 (5th Cir. 2012).

Billiot would have to pursue any such habeas corpus relief in a properly filed state or federal post-conviction proceeding as would be available and appropriate after exhausting his remedies in state court. See Kennedy v. St. of Tex. Pardons and Parole, 136 F. App'x 712, 713 (5th Cir. 2005) (citing Wilkinson v. Dotson, 544 U.S. 74 (2005); Preiser, 411 U.S. at 500.

## RECOMMENDATION

**IT IS RECOMMENDED** that Doyle Jason Billiot's federal civil rights claims against defendants be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  26th   day of January, 2026.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

9